UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHAN B. GOLDSON &
SUZETTE HOLNESS, individually
and as Personal Representatives for
the Estate of Davie Goldson,

       Plaintiffs,

v.                                        Case No.  8:17-cv-340-T-24 AEP

KB HOME and KB HOME
TAMPA, LLC,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Counts I, II, and III. (Doc. No. 4). Plaintiffs oppose the motion.[1] (Doc. No. 5). As explained below, the motion is granted in part and denied in part.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

---

[1] Defendants filed a motion for leave to file a reply (Doc. No. 7), but the Court finds that a reply is unnecessary.

555 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiffs allege the following in their amended complaint (Doc. No. 2): Plaintiffs bought a house from Defendants and took possession of it on or about June 23, 2006 along with their daughter, Davie.  Defendants were responsible for constructing the house and making it waterproof and liveable.  However, according to Plaintiffs, Defendants negligently constructed the house and failed to prevent water from penetrating and otherwise leaking into the house.

In 2007, Davie began experiencing medical problems and was eventually diagnosed with cancer.  The cancer, if treated, had a 98% remission rate.  Davie was treated, undergoing chemotherapy and a bone marrow transplant, and she was discharged home in March of 2013.  As a result of her cancer treatment, Davie was immunosuppressed.

After returning home, from March through September of 2013, Davie began experiencing medical problems again.  Davie's doctors stated that her symptoms were not a result of the cancer or the transplant, and therefore, Plaintiffs should check their house for possible allergens.  When Plaintiffs had their house checked, they learned that hairline cracks existed in the stucco of

the house, and mold was detected.

Plaintiffs informed Defendants of the defects; Defendants attempted to fix them and then told Plaintiffs that it was safe to have Davie move back into the house. However, Defendants did not correct the extensive mold infestation, and the house was rendered unliveable. As a result of the mold and her immunosuppressed system, Davie suffered substantial medical problems and died on June 9, 2015.

On June 23, 2016, Plaintiffs filed suit against Defendants in state court, which Defendants removed to this Court. In their amended complaint, Plaintiffs assert four claims: (1) breach of contract, (2) fraud, (3) violation of the Florida Building Code, and (4) wrongful death. In response, Defendants filed the instant motion to dismiss.

## III.  Motion to Dismiss

Defendants move to dismiss three counts—breach of contract, fraud, and violation of the Florida Building Code—based on statute of limitations grounds and the fact that the fraud claim is not independent of the breach of contract claim. Accordingly, the Court will analyze each claim.

### A.  Breach of Contract

In Count I, Plaintiffs contend that Defendants breached their contract by defectively constructing the house in such as way as to allow water intrusion and mold growth. Defendants move to dismiss this claim, arguing that the five-year limitations period set forth in Florida Statute § 95.11(2)(b) bars the claim. Section 95.11(2)(b) provides a five-year limitations period for actions on a contract. Because Plaintiffs took possession of the house (and thus construction was finished) on June 23, 2006, and Plaintiffs did not bring this lawsuit until 2016, Defendants

contend that the breach of contract claim is time-barred.

Plaintiffs respond that Defendants are relying on the wrong subsection of the statute, and instead, Florida Statute § 95.11(3)(c) applies. Section 95.11(3)(c) provides a four-year limitations period for actions founded on the construction of an improvement on real property. Furthermore, Plaintiffs point out that they have alleged a latent construction defect, and under the statute, the time for filing a claim starts running "from the time the defect is discovered or should have been discovered with the exercise of due diligence" as long as the lawsuit is filed within ten years after the date they took possession of the house. See Fla. Stat. § 95.11(3)(c).

Plaintiffs contend that they did not discover the defective construction and mold growth until 2013. As such, Plaintiffs contend that their lawsuit was timely filed, because it was filed within four years after discovering the latent defect and within ten years after they took possession of the house.

The Court agrees with Plaintiffs that § 95.11(3)(c) provides the applicable limitations period for their breach of contract claim. See Brock v. Garner Window & Door Sales, Inc., 187 So. 3d 294, 295 (Fla. 5th DCA 2016)(stating that § 95.11(3)(c), the more specific statute, controls over § 95.11(2)(b), the general statute for written contracts). As such, Plaintiffs' breach of contract claim appears to be timely filed, and Defendants' motion to dismiss this claim is denied.

**B.  Fraud**

Count II of the amended complaint is titled, "FRAUD AGAINST THE BUILDERS." (Doc. No. 2). Within this count, Plaintiffs allege that Defendants submitted applications for payments to be made on account of work performed, and within these applications for payment,

Defendants falsely stated the following:

> The undersigned Contractor certifies to the best of the Contractor's knowledge, information and belief that the Work covered by this Application for payment has been completed in accordance with the Contract Documents, *that all amounts previously paid [by the] Owner have been properly paid by the Contractor for Work and that current payment shown herein is now due*.

(Doc. No. 2, ¶ 43). Plaintiffs contend that this statement was knowingly "false because the amount of Work covered by the application was overstated or [Defendants] had not paid all amounts due to [their] subcontractors or suppliers from funds received from Plaintiffs." (Doc. No. 2, ¶ 44).

In response, Defendants argue that the fraud claim must be dismissed, because it is not independent of the breach of contract claim.[2]  See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc., 110 So. 3d 399, 408 (Fla. 2013)(Pariente, J. concurring).  The Court agrees with Defendants that the fraud claim is basically a repackaged breach of contract claim.

In Tiara, the Florida Supreme Court limited the applicability of the economic loss rule to product liability claims.  See id. at 407.  However, in her concurring opinion, Justice Pariente stated the following:

> The majority's conclusion that the economic loss rule is limited to the products liability context does not undermine Florida's contract law . . . .  Basic common law principles already restrict the remedies available to parties who have specifically negotiated for those remedies, and . . . our clarification of the economic loss rule's applicability does nothing to alter these common law concepts. For example, in order to bring a valid tort claim, a party still must demonstrate that all of the required elements for the cause of action are satisfied, including that the tort is independent of any breach of

---

[2]Defendants also move to dismiss the fraud claim based on the statute of limitations. However, the Court need not reach this argument.

5

contract claim.

Id. at 408 (Pariente, J. concurring). Federal district courts within Florida have cited Justice Pariente's statements to support the contention that in order to bring a valid tort claim, the party must still show that the tort is independent of any breach of contract claim. See Freeman v. Sharpe Res. Corp., 2013 WL 2151723, at *7–8 (M.D. Fla. May 16, 2013); Joyeria Paris, SRL v. Gus & Eric Custom Servs., Inc., 2013 WL 6633175, at *3–4 (S.D. Fla. Dec. 17, 2013); S. Wind Aviation, LLC v. Cessna Aircraft Co., 2014 WL 12570958, at *5 (M.D. Fla. July 15, 2014). This Court agrees with Defendants that Plaintiffs have not shown that their fraud claim is independent of a breach of contract claim.

Plaintiffs' response to Defendants' motion on this issue is unintelligible at best. First, the heading for this portion of their response is titled, in part, "Count II . . . alleges an independent tort." (Doc. No. 5, p. 7). However, three paragraphs later, Plaintiffs state that they are "not alleging a tort claim in Count II." (Doc. No. 5, p. 8). They argue that because they are seeking only economic damages, Count II is a contract claim. Finally, in response to Defendants' argument that Count II is barred because it does not allege a tort independent of a breach of contract claim, Plaintiffs state, "This makes no legal sense. It is almost as if Defendants do not understand the difference between contract and tort law." (Doc. No. 5, p. 8).

The Court cannot discern Plaintiffs' argument. It appears to this Court that Plaintiffs are alleging a tort claim (i.e., fraud) in Count II, and their "fraud" claim is not independent of a breach of contract claim. Therefore, the Court agrees with Defendants that Count II should be dismissed. If Plaintiffs want to pursue an additional breach of contract claim based on Defendants' certifications made in the applications for payment that the work covered by the

application was completed and payment was due, such a claim would appear to be duplicative of the breach of contract claim in Count I, because the basis for both claims would be that the work was not completed according to the parties' contract because it was defectively done. If Plaintiffs want to pursue an additional breach of contract claim based on the certifications made in the applications for payment that all amounts previously paid by Plaintiffs have not been properly paid by Defendants to subcontractors for their work, it appears that such a claim may be time-barred based on the four-year limitations period in § 95.11(3)(c), because such a claim would not be based on a latent construction defect. However, the Court will grant Plaintiffs leave to amend Count II with the above cautions in mind.

### C. Violation of the Florida Building Code

In Count III, Plaintiffs allege that Defendants violated the Florida Building Code by failing to seal the windows properly. Plaintiffs further allege that the Building Code requires that flashing "be provided in the exterior wall envelope in such a manner as to prevent entry of water into the wall cavity or penetration of water [in]to the building['s] structural framing components." (Doc. No. 2, ¶ 51). Thus, Plaintiffs allege that Defendants violated the Building Code by designing and/or installing the windows in the house in such a fashion that failed to prevent the entry of water into the wall cavity or to prevent the penetration of water into the building's structural framing components.

Defendants move to dismiss this claim, arguing that it is barred by the four-year limitations period set forth in § 95.11(3)(c). Specifically, Defendants argue that the limitations period would start to run in 2006 when Plaintiffs took possession of the house, because Plaintiffs do not specifically allege that these Building Code violations were latent.

In response, Plaintiffs contend that they did not discover the defects in their house until 2013. However, while that may be true, Plaintiffs have failed to specifically allege that these Building Code violations—the defective way the windows were sealed and the flashing was installed—were not readily discoverable by a lay person looking at the windows and flashing. Thus, the Court will dismiss this claim with leave to amend to fix this pleading deficiency.

The Court notes that Defendants also argue that even if Plaintiffs had alleged a latent Building Code violation, the Building Code violation claim would still be time-barred. Defendants base this argument on the fact that Davie began experiencing medical problems as early as 2007, and Plaintiffs allege in the amended complaint that the mold emitted an odor that could be smelled throughout the house.

The Court is not persuaded by Defendants' arguments. While Davie did experience symptoms in 2007, the doctors diagnosed her with cancer, and as such, the Court cannot say as a matter of law that her 2007 symptoms were sufficient to put Plaintiffs on notice that Davie's symptoms were caused by the allegedly defective construction of the house. See Kravitz v. Evans Med. Ltd., 741 F. Supp. 2d 1299, 1303 (S.D. Fla. 2010)(stating that dismissal based on a statute of limitations affirmative defense is only appropriate if the time bar is apparent on the face of the complaint). Instead, Plaintiffs allege in the amended complaint that they did not discover the defects in their house until 2013. Furthermore, Plaintiffs do not state when the mold began emitting an odor throughout the house. Thus, as pled, it appears that this claim, if based on latent Building Code violations, would not be barred by the four-year limitations period set forth in § 95.11(3)(c).

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendants' Motion to Dismiss Counts I, II, and III (Doc. No. 4) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that the Court dismisses Counts II and III without prejudice; otherwise, the motion is denied.

(2)   Defendants' Motion for Leave to File a Reply (Doc. No. 7) is **DENIED**.

(3)   Plaintiffs may file a second amended complaint, solely to correct the deficiencies described above, by March 24, 2017.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record